UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
ELIZABETH FRISARI, Individually, :
and on Behalf of All Others Similarly :
Situated, :
 :
             Plaintiff, :   Civ. Action No. 12-5495
 :
v. :
 :
 :
DISH NETWORK, L.L.C., :   *Document Filed Electronically*
 :
            Defendant. :
_____ :

## REFERRAL TO ARBITRATION WITHOUT PREJUDICE AND WITHOUT COSTS

**IT IS HEREBY STIPULATED** by and between all parties to this action, through their designated counsel, that the complaint in the above-captioned action, is and hereby is referred to arbitration without prejudice and without costs.

The parties have agreed to refer the instant case to the jurisdiction of the American Arbitration Association ("AAA"), pursuant to arbitration agreements entered into by and between Defendant DISH Network, L.L.C. ("Defendant"), and Plaintiff Elizabeth Frisari ("Plaintiff"), as well as opt-in plaintiffs Raushan Simmons ("Simmons"), Waqas Akhtar ("Akhtar"), Hassan Shahid ("Shahid"), and Mirela Muhic ("Muhic") (collectively with Plaintiff, the "Plaintiffs").

The parties have agreed that the statute of limitations for any claims asserted by Plaintiffs in the Complaint, and for any claims that relate back to those claims within the meaning of Fed. R. Civ. P. 15(C), shall be calculated in the same as it would have been if this case had remained in court.

The parties expressly reserve all issues concerning the scope of the arbitration agreements for the arbitrator to decide, including whether Plaintiffs' arbitration agreements authorize a class or collective action. As such, the parties' agreement to refer this case to AAA Arbitration shall not be construed as a waiver of Defendant's argument that the arbitration agreements do not authorize a class or collective action.

The parties agree that Defendant shall pay all of the costs of AAA arbitration, including but not limited to the Arbitrator's fees and expenses. Defendant agrees to waive any claim for attorneys' fees against Plaintiffs under their agreements, should Defendant find itself a prevailing party in AAA arbitration. Defendant agrees that Plaintiffs' claims for liquidated damages, attorneys' fees and costs are not waived by their arbitration agreements or the parties' agreement to transfer this case to AAA arbitration.

| **BUCHANAN INGERSOLL & ROONEY PC** | **THE NIRENBERG LAW FIRM, LLC** |
|---|---|
| By: /s/ Kelly Bannister<br>  Kelly L. Bannister<br>  kelly.bannister@bipc.com<br>  Buchanan Ingersoll & Rooney, PC<br>  700 Alexander Park, Suite 300<br>  Princeton, NJ  08540<br>  Phone:  (609) 987-6800<br><br>  *Attorney for Defendant*<br>  *DISH Network, L.L.C..*<br><br>  Dated:       December 7, 2012 | By: /s/ Jonathan Nirenberg<br>  Jonathan I. Nirenberg<br>  JNirenberg@njemploymentlawfirm.com<br>  The Nirenberg Law Firm, LLC<br>  One University Plaza, Suite 607<br>  Hackensack, NJ  07601<br>  Phone:  (201) 487-2700<br><br>  *Attorney for Plaintiff Elizabeth Frisari*<br>  *individually, and on behalf of all others*<br>  *similarly situated.*<br><br>  Dated: December 7, 2012 |