# EXHIBIT B

**AMERICAN ARBITRATION ASSOCIATION**
**Employment and Class Action Tribunal**

Re: 18-160-001431-12

In the Matter of the Arbitration between

Elizabeth Frisari, individually and on behalf
of all others similarly situated

(Claimants)

and

Dish Network, LLC.

(Respondent)

## OPINION, ORDER AND CLAUSE CONSTRUCTION AWARD

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), and the Supplementary Rules for Class Arbitrations, a preliminary hearing on the Clause Construction issue was held on April 10, 2013, before the Arbitrator, Hon. William A. Dreier. Jonathan I. Nirenberg, Esq. (The Nirenberg Law Firm, attorneys) appeared for Claimants; Christian C. Anitkowiak, Esq. and John Goodman, Esq. (Buchanan, Ingersoll & Rooney, attorneys), appeared for Respondents. Although the caption names only the initial Claimant, Elizabeth Frisari, four other Claimants, Waqas Akhtar, Hassan Shahid, Raushan Simmons, and Mirela Muhic (the spelling of these names may be inaccurate) had joined the predecessor litigation that had been removed, and all are joined in this arbitration.

This Arbitration is held under the authority of the parties' contractual agreement under which the Arbitrator has been duly appointed.

The parties have each submitted briefs and answering briefs on the issue of Clause Construction. The Clause Construction Phase of the arbitration constitutes a separate partial Award under the *AAA Supplementary Rules Governing Class Arbitrations* ("Supplementary Rules").

> Section 3. Construction of the Arbitration Clause of the Supplementary Rules provides, in part, as follows:
>
> **Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award)."** . . .
>
> In construing the applicable arbitration clause, the arbitrator shall not consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis.

(Emphasis added).

There is no question that the Federal Arbitration Act, 9 U.S.C. §§2-6, and the cases interpreting the Act, govern this issue. Although additional cases are pending before the United States Supreme Court, definitive language in *Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 130 S.Ct. 1758, 1775-1776 (2010), and *AT&T Mobility, LLC v. Concepçion*, 131 S.Ct. 1740, 1746-1753 (2011), makes it clear that unless within the parties' agreement there is an acceptance of class actions or other collective determination of Claimants' claims, class status must be denied. Although the arbitration clause is initially examined, the arbitrator may view both the agreement as a whole and any controlling general contractual principles.

The Arbitration Clause in the parties' April 6, 2012 Arbitration Agreement with Claimant Frisari (the same Agreements with the other Claimants bear dates of June 10, 2006, September 20, 2010, July 29, 2011 and August 1, 2011), provides:

> ... [The parties] agree that **any claim, controversy and/or dispute** between them, **arising out of and/or in any way related to Employee's** application for employment, **employment** and/or termination of employment, whenever or wherever brought, **shall be resolved by arbitration**. The Employee agrees that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., and is fully enforceable.

(Emphasis added).

The Agreement further states:

> Notwithstanding the foregoing, **this agreement to arbitrate all claims** shall not apply to Employee claims for statutory unemployment compensation benefits, statutory worker's compensation benefit, and claims for benefits from an [sic] Dish Network-sponsored "employee benefit plan," as that term is defined in 29 U.S.C. § 1002(3)....
>
> ....
>
> The right to a trial, to a trial by jury, and to common law claims for punitive and/or exemplary damages are of value and are waived pursuant to this agreement. **Other than potential rights to a trial, a jury trial, and common law claims or punitive and/or exemplary damages, nothing in this Agreement limits any statutory remedy to which the Employee may be entitled under law.**

(Emphasis added).

What do the Agreement's references to "any claim, controversy and/or dispute" and "all claims" signify, especially when the claims involve diverse causes of action? Certainly they encompass Claimants' individual claims for unpaid time-and-a-half overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§ 203(a)(1),

3

and resultant damages, 29 U.S.C. § 216(b), and for similar violations of the New Jersey Wage and Hour Law, ("NJWHL") N.J.S.A. 34:11-56(a), *et seq.*, for unpaid time-and-a-half overtime. The issue is whether they also include the collective claims of similarly situated employees.

Claimants argue that the agreement sanctions class action treatment as a "statutory remedy," along with the other relief requested, namely declaratory judgments, compensatory and statutory exemplary damages (as opposed to the common-law exemplary damages barred by the Agreement), injunctive relief, costs and attorneys' fees. They further note that the Agreement permits "all claims" to be arbitrated, except certain statutory claims such as unemployment compensation, worker's compensation, and employee benefit claims under the company plan.

The Agreement, however, does not leave the issue of other statutory claims to chance. It contains a unique provision evincing the parties' intentions, where it provides that "nothing in this Agreement limits <u>any statutory remedy</u> to which the Employee may be entitled under law." (Emphasis added). The Arbitrator must therefore examine the "statutory remed(ies)," that exist, and how such remedies reflect the parties' intention concerning collective actions.

The first and most obvious of these statutes is the *Federal Rules of Civil Procedure*, which includes its Class Action Rule, *Fed. R.Civ. P.* 23. Whether this Rule creates a separate remedy requires an analysis of the nature of a class action as a "remedy." Given, however, the express other remedies in the Federal and State wage payment statutes, the class action procedural statute need not be reviewed in detail.

4

The claims under the *New Jersey Wage and Hour Law,* N.J.S.A. 34:11-56a *et seq.*, present an easier question. Here is an express statutory basis for a Class Action. N.J.S.A. 34:11-56a25 provides:

> If any employee is paid by an employer less than the minimum fair wage to which such employee is entitled under the provisions of this act or by virtue of a minimum fair wage order such employee may recover in a civil action the full amount of such minimum wage less any amount actually paid to him or her by the employer together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between such employee and the employer to work for less than such minimum fair wage shall be no defense to the action. **An employee shall be entitled to maintain such action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated.**

(Emphasis added).

The language, "nothing in this Agreement limits any statutory remedy to which the Employee may be entitled under law" incorporates this statute by reference. It covers both the minimum wage stated in the statute and overtime claims. *See Genarie v. PRD Management, Inc.,* 2006 WL 436733, at *17 (D.N.J. Feb. 17, 2006), where Judge Simandle, quoting the statute, stated that "[u]nder the NJWHL, '[e]very employer shall pay to each of his employees' a certain minimum wage 'for 40 hours of working time in any week and 1 1/2 time such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week....' N.J.S.A. 34:11-56a4." This Minimum Wage is inclusive of overtime pay. This statute, therefore, covers both regular and overtime pay. N.J.S.A. § 34:11-56a25 is the only New Jersey statute that creates a private cause of action for minimum wage and overtime

5

claims. It provides the right to bring a civil suit for overtime. *See, Iiadis v. Wal-Mart Stores, Inc.*, 191 N.J. 88 (2007) (upholding a class action including overtime claims under the NJWHL).

The statutory right to proceed collectively is part and parcel of this section. The collective remedy is integrated with the right of recovery. Without this collective right, the remedy would be meaningless for an employee whose deficient pay is small, but where the aggregate claims combined with others similarly situated make the claim financially practical.

The Federal claims have a similar basis. The FLSA, in 29 U.S.C. §216(b), provides:

> (b) Damages; right of action; attorney's fees and costs; termination of right of action.
>
> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves **and other employees similarly situated**.

(Emphasis added. But note also that there is an opt-in rather than an opt-out requirement for parties plaintiffs.)

The United States Supreme Court has recently noted the difference between an FLSA "collective action" and a class action. *See, Genesis Healthcare Corp. v. Symczyk*, --- S.Ct. ----, 2013 WL 1567370 at *5 (2013). This decision is inapplicable

6

to the NJWHL claims that are more similar to the opt-out class action rules.  The inescapable conclusion remains, however, that the parties have incorporated into their arbitration agreement the collective resolution rights of employees to assert wage claims.  Thus, the arbitrator will continue to use the "class action" terminology, a reference which was not barred by the Supreme Court in *Genesis Healthcare*. *Id.* at *4, n. 1.  ("[W]e do not express an opinion on the propriety of this use of class-action nomenclature….").

Respondent claims that Claimants invoked the Class Action Procedural Rule, not the Wage and Hour provision authorizing a collective remedy (and by implication the FLSA collective authorization).  But they misperceive the interplay between the two.  It may be argued that the Rule provides its own entry into a possible class action because of the "any statutory remedy" provision of the Agreement.  It further could be argued that the "any claim, controversy and/or dispute" and "all claims" provisions themselves provide a basis for this case to be pass the clause construction test.  *See Homa v. American Express Co.* 558 F.3d 225, 229-30 (3rd Cir., 2009), *and Sutter v. Oxford Health Plans, LLC,* 675 F.3d 215, 222-224 (3rd Cir.), *cert. granted,* ___ U.S. ___ (2012), and the numerous other cases cited by Claimants.  But here there is clear pathway to interpret the arbitration provisions of the parties' agreement: (1) the NJWHL (and FLSA) claims, (2) the contractual language giving Claimants the right to resort to the NJWHL (and FLSA) statutory remedies, (3) the express NJWHL (N.J.S.A. 34:11-56(a)), *et seq.* and FLSA 29 U.S.C. §216(b), statutory statements of rights to collective relief, all providing the

possible procedural steps incorporated into the Agreement to implement the rights granted by the NJWHL and FLSA.

When this case was removed from the Federal court to the arbitration forum, the Stipulation of Dismissal contained a reservation of "all issues concerning the scope of the arbitration agreement for the arbitrator to decide, including whether Plaintiffs' arbitration agreements authorize a class or collective action." The arbitration clause of the Agreement preserves the NJWHL and FLSA claims for potential collective treatment. The factual assertions for the two claims are the same, the legal standards likewise largely overlap (except for a different class definition because of the opt-in versus opt-out provisions), as do the asserted damages.

While the "any remedy" language by itself may provide the basis to include collective remedies, reading the Arbitration Agreement as a whole, with its acceptance of the NJWHL and FLSA statutes and their collective remedies, and the absence of contractual rejection in the listing of other acts not included in the arbitration ambit, shows a sufficient acceptance of the principles of collective relief. Accordingly, the only fair conclusion is that the parties agreed to have potential class treatment of the state and federal claims. *Cf. Lopez v. 5 De Mayo Bakery, Inc.*, 2010 WL 2869484, at *3-7 (N.J. App. Div. July 20, 2010) (Recognizing that an FLSA collective action for overtime compensation violations may be brought on behalf of "other employees similarly situated," a broader term than the Class Action but not the NJWHL statutes). Depending on the circumstances, all of the claims might be heard under the single umbrella of a potential class arbitration. But such a final determination is premature at this stage of these proceedings.

8

In this case, the Arbitrator need not reach the issues posed by *Stolt-Neilsen* or *Concepçion*, *supra*, or even those posed in the Supreme Court oral argument in the *Sutter* case. Where the collective arbitral rights of all members are not intruded upon, the right of each potential class member in this putative class action is also protected. If class treatment is permitted after a further examination of the facts, any individual class member dissatisfied with the process can opt out of this proceeding (or as to the FLSA, refuse to opt into the proceedings), engage different counsel or appear *pro se*, or seek individual or class relief elsewhere before another arbitrator. As this is but a preliminary determination, the permissibility of a class treatment of these claims is not yet determined. All of the considerations compiled in the AAA Class Arbitration Rules, incorporating most of the considerations of *Fed.R.Civ P.* 23, remain to be determined. The sole issue here is whether the Arbitration Clause, read in the context of this Agreement, permits class determination. The Arbitrator rules that it does.

For the foregoing reasons, the Arbitrator **DETERMINES,** and it is on this 30th day of April, 2013, **ORDERED AND AWARDED** that the Arbitration Clauses in the parties' agreements noted at the outset, read in the context of the agreement, envision and permit a potential class determination of the parties' disputes as set forth in the Statement of Claim.

Rule 3 of the *AAA Rules for Class Arbitrations* provides for an automatic stay of at least thirty (30) day of the effect of this Clause Construction Award:

9

> The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award. Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Clause Construction Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

Pursuant to this provision, the effect of this Award is **STAYED** for the initial period of thirty (30) days from the date hereof.

All issues and/or arguments raised by the parties have been considered, but not all have been expressly addressed in this Partial Final Clause Construction Award. Any such arguments not so addressed are hereby rejected and denied.

Following any stay pursuant to this Order or as ordered by a Court of competent jurisdiction, counsel are directed to confer with the Case Manager to set up a conference call with the Arbitrator to discuss the terms of a further comprehensive Case Management and Scheduling Order for the Class Determination Phase of this putative class arbitration, to be implemented after Judicial Review or the waiver thereof.

**IT IS SO ORDERED AND AWARDED.**

_____
Hon. William A. Dreier, Arbitrator

I, Hon. William A. Dreier, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Partial Final Clause Construction Award.

DATED this 30th day of April, 2013

_____
Hon. William A. Dreier, Arbitrator